# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| David Andrew Coil, | Case No. 2:24-cv-00304-RFB-DJA |
| Plaintiff, | |
| v. | **Order** |
| Steve B. Wolfson, et al., | |
| Defendants. | |

High Desert State Prison inmate, Plaintiff David Andrew Coil, submitted a civil rights complaint and is proceeding *in forma pauperis*. (ECF Nos. 1-1, 9). The Court screens Plaintiff's complaint and dismisses Plaintiffs Sixth and Fourteenth Amendment claims with leave to amend because they challenge his state-court conviction. The Court also dismisses Plaintiff's Eighth Amendment excessive bail claim with leave to amend because he purports to bring it against immune defendants.

**I.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule

12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." Generally speaking, diversity jurisdiction exists only where there is "complete

diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**II.     Screening Plaintiff's complaint.**

Plaintiff sues Clark County District Attorney ("DA") Steve Wolfson; Deputy DA Samuel Martinez; Deputy DA Chistopher Hammer; Nevada District Court Judge Tierra Jones; Nevada District Court Judge Melissa De La Garza; Nevada District Court Judge Nancy Saita; Nevada District Court Judge James Bixler; Nevada District Court Judge Joseph Bonaventure; Nevada District Court Judge Crystall Eller; Clark County Public Defender Kelsey Bernstein; Clark County Public Defender Craig Mueller; Clark County Public Defender Cristina Hinds; Clark County Public Defender Lawrence Phillips; Clark County Public Defender Jess Matsuda; and Clark County Public Defender Elizabeth Anderlik.[1] Plaintiff brings four causes of action: (1) violation of his First Amendment right to freedom of speech and expression; (2) violation of his Sixth Amendment rights; (3) excessive bail in violation of the Eighth Amendment; and (4) violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

In his first cause of action, asserting violations of his First Amendment freedom of speech and expression, Plaintiff alleges that his public defender "denied [him] communication, in court and in person," and that the judges presiding over his case did not "allow person [sic] discussion." (ECF No. 1-1 at 5). Plaintiff also includes other facts regarding speedy trial and coercion by his public defenders to waive certain rights. (*Id.*). The Court liberally construes Plaintiff's first cause of action not as First Amendment claim, but one for ineffective assistance of counsel in violation of the Sixth Amendment.

In his second cause of action, Plaintiff alleges that multiple defendants violated his Sixth Amendment rights. (ECF No. 1-1 at 6). He alleges that these included his right to a "speedy trial, compulsory documents and witnesses and impartial jury and counsel." (ECF No. 1-1 at 6).

---

[1] The Court lists these Defendants' titles as Plaintiff presents them. While Plaintiff lists certain of these defendants as public defenders, he also makes a note that certain of them are also associated with "Mueller Hinds Assoc." and "Matusda and Associate[s]." So, it appears that certain of the individuals he names as defendants were private counsel appointed to represent him. However, this distinction does not change the outcome of the Court's decision here.

Plaintiff alleges—generally—that DA Wolfson charged him with multiple felony counts without actual evidence, that judges presiding over his case denied certain of his requests and his right to speedy trial, and that his attorneys provided ineffective assistance. (*Id.*).

In his third cause of action, Plaintiff alleges that the state court violated his Eighth Amendment rights by imposing excessive bail. (ECF No. 1-1 at 7). He asserts that "bail was questioned by Court to start at $500,000." (*Id.*). He also alleges that if he "had been offered reasonable bail the outcome of [his] arrest would have been 180° different." (*Id.*).

In his fourth cause of action, Plaintiff alleges that multiple defendants violated the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment. (ECF No. 1-1 at 8). Plaintiff alleges that defendants "violated [t]he Due Process with malice to maintain unlawful incarceration, coercion, prejudice, deliberate indifference and a malicious prosecution for one end purpose[:] Protect the legal system and the cost of an accused freedom." (*Id.*). Plaintiff's claims are largely conclusory and again invoke speedy trial, ineffective assistance of counsel, and faulty trial evidence. (*Id.*).

### A. *Plaintiff's first, second, and fourth claims.*

Plaintiff's first, second, and fourth claims are better brought through a habeas corpus, and not a civil rights action because they challenge his state court conviction. 42 U.S.C. § 1983—the statute under which Plaintiff has brought his claims—aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and is "merely . . . the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and

"the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)).  Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93.  Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

It appears that Plaintiff is challenging the constitutionality of his state court criminal conviction through his first, second, and fourth claims.  Plaintiff's factual allegations involve violations of his constitutional rights that he asserts occurred during the process of his criminal proceedings.  And if the Court were to find that Plaintiff has successfully alleged the violations about which he complains—violations of his speedy trial rights, ineffective assistance of counsel, and failures to present sufficient evidence—that finding would necessarily imply that his conviction was invalid.  *See Johnson v. Los Angeles Police Department*, No. CV 15-7296-BRO (JPR), 2016 WL 836267, at *3 (C.D. Cal. Jan. 5, 2016) ( "a finding that Plaintiff's Sixth Amendment rights to a speedy trial and the assistance of counsel had been violated would necessarily imply that his convictions were invalid"); *see Douglas v. Reese*, No. 6:16-cv-00048-AA, 2018 WL 1513651, at *2-3 (D. Or. March 27, 2018) ("[i]f this Court found that plaintiff's constitutional right to 'access' *Brady* [*v. Maryland*, 373 U.S. 83, 87 (1963)] evidence had been violated and granted the injunctive relief requested, that finding would necessarily implicate the

fact of his convictions."). But Plaintiff has not demonstrated that the convictions underlying those proceedings have been overturned. As he has not done so, his sole relief for his first, second, and fourth claims is a habeas corpus action. The Court thus dismisses Plaintiff's complaint without prejudice and with leave to amend. If Plaintiff can allege that the criminal conviction underlying his claims has been overturned, he must do so in any amended complaint.

### B.     Plaintiff's third claim.

Plaintiff's third cause of action for excessive bail under the Eighth Amendment is properly brought under 42 U.S.C. § 1983. However, his claim fails because he purports to bring it against immune defendants. So, the Court dismisses this claim without prejudice and with leave to amend to the extent Plaintiff believes he can name defendants who are not immune.

A pretrial detainee's excessive bail claim challenging the lawfulness of his current detention generally states a habeas claim, but that claim becomes moot once a defendant has been convicted. *Hood v. Friel*, No. 3:23-cv-00486-MMD-CLB, 2023 WL 7740375, at *3 (D. Nev. Oct. 18, 2023). After conviction, a claim for past unlawful imprisonment or excessive bail is a civil rights claim for which money damages may be sought, not a habeas corpus claim that affects the fact or duration of the claimant's present confinement. *Id.* Here, Plaintiff appears to allege that he has been convicted.

However, Plaintiff has not identified any specific defendants in his third cause of action and, if he did, those defendants would be immune. Plaintiff asserts that the state court wrongfully imposed excessive bail. It appears that Plaintiff then brings this claim against the judges who presided over his case. But judges are immune under the doctrine of judicial immunity.

"Absolute immunity is generally accorded to judges…functioning in their official capacities." *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). "This immunity reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity applies to claims arising under § 1983. *Agnew v. Moody*, 330 F.2d 868, 869-870 (9th Cir. 1964).

1   Judicial immunity is subject to certain limitations: "[j]udges are not immune from suit
2   where (1) their actions do not constitute a judicial act, and (2) they have acted in the 'clear
3   absence of all jurisdiction.'" *Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 200 WL 1940102,
4   at *2 (D. Nev. July 7, 2009) (citing *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)). "To
5   determine if a given action is judicial…courts focus on whether (1) the precise act is a normal
6   judicial function, (2) the events occurred in the judge's chambers, (3) the controversy centered
7   around a case then pending before the judge, and (4) the events at issue arose directly and
8   immediately out of a confrontation with the judge in his or her official capacity." *Ashelman v.*
9   *Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986). "To determine if the judge acted with jurisdiction,
10  courts focus on whether the judge was acting clearly beyond the scope of subject matter
11  jurisdiction in contrast to personal jurisdiction." *Id.* at 1076. Judges have been found to retain
12  immunity even when they misinterpret the law or when their actions are erroneous and malicious.
13  *See Wilson v. Ayers*, No. 2:07-cv-01283-LRH-LRL, 2009 WL 1940102, at *2 (D. Nev. July 7,
14  2009) (collecting cases).

15  Here, Plaintiff's claims are that the court did not review any of Plaintiff's financial records
16  when determining his bail. Because of this failure, the court imposed bail far beyond which
17  Plaintiff could afford. But Plaintiff describes the court—and thus the judges—engaging in a
18  normal judicial function by setting bail. To the extent Plaintiff brings this claim against judges,
19  they are immune from his allegations.

21  **IT IS THEREFORE ORDERED** that Plaintiff's complaint (ECF No. 1-1) is **dismissed**
22  **without prejudice and with leave to amend.** Plaintiff will have until **August 1, 2024** to file an
23  amended complaint if the noted deficiencies can be corrected. If Plaintiff chooses to amend the
24  complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original
25  complaint) to make the amended complaint complete. This is because, generally, an amended
26  complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended
27  complaint be complete without reference to any prior pleading. Once a plaintiff files an amended
28  complaint, the original complaint no longer serves any function in the case. Therefore, in an

amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. **Failure to comply with this order will result in the recommended dismissal of this case.**

DATED: July 2, 2024

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE